**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 16 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RYAN MORRISON,

   Plaintiff-Appellant,

 v.

ALVARO RAMOS, in his individual and
official capacity; DAVID MIRZOYAN, in
his individual and official capacity;
MICHAEL BOYLLS, in his individual
and official capacity,

   Defendants-Appellees,

 and

LOS ANGELES POLICE
DEPARTMENT; RICHARDO ACOSTA;
JEFFREY MEGEE; DOES, 1 through 13,
inclusive; CITY OF LOS ANGELES,

   Defendants.

No. 22-55684

D.C. No.
2:19-cv-01961-JGB-JPR

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

  * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted September 14, 2023
Pasadena, California

Before:      SCHROEDER, FRIEDLAND, and MILLER, Circuit Judges.

Ryan Morrison appeals the district court's grant of summary judgment in favor of appellee police officers Alvaro Ramos, David Mirzoyan, and Michael Boylls in Morrison's 42 U.S.C. § 1983 action claiming false arrest and unlawful seizure. At the time of the arrest, Morrison was living in an apartment with his mother, who had contacted police and reported that Morrison had attacked her. She led the police to the apartment, let them in, and identified Morrison's bedroom before they arrested him over his objection. After a court found probable cause to believe he had committed felony assault with a deadly weapon and battery with serious bodily injury, Morrison was tried before a jury and acquitted.

We affirm the district court's grant of summary judgment on the false arrest and unlawful seizure claims. Morrison does not seriously dispute on appeal that the officers had probable cause to arrest him. Instead, he challenges the means by which the officers carried out the arrest, arguing that the officers violated his clearly established Fourth Amendment rights by seizing him inside his home without a warrant and over his objection in violation of *Payton v. New York*, 445 U.S. 573 (1980). *See United States v. Al-Azzawy*, 784 F.2d 890, 894 (9th Cir.

1985) ("Probable cause alone will not support a warrantless search or arrest in a residence . . . unless some exception to the warrant requirement is also present.") Appellees contend that the district court correctly concluded that the officers were entitled to qualified immunity, particularly because Morrison's mother had consented to the warrantless entry of the apartment they were sharing.

Qualified immunity protects government officials from liability for civil damages unless a plaintiff shows "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Wood v. Moss*, 572 U.S. 744, 757 (2014) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)). Warrantless searches and seizures are generally reasonable with consent from an owner or occupant. *See Illinois v. Rodriguez*, 497 U.S. 177, 181 (1990). But they are generally unreasonable when a co-occupant is present and objects. *See Georgia v. Randolph,* 547 U.S. 103, 106 (2006). The Supreme Court has explained that "widely shared social expectations" are significant in assessing reasonableness and suggested that children may have less authority over a shared home than their parents. *Id.* at 111, 113-14. At the time of the arrest, there was no controlling authority or consensus of persuasive authority that a warrant was required to enter a residence shared by a consenting parent and an objecting adult child, or an adult child's bedroom within it. *See*

3

*District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018) (explaining that a right is clearly established only if it is dictated by controlling authority or a robust consensus of persuasive authority).  In the absence of clearly established law, the officers were entitled to qualified immunity on Morrison's claims.

**AFFIRMED.**